# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**TORVA HENDERSON,**

    **Plaintiff,**

    **v.**                                  **Case No. 20-CV-315**

**MILWAUKEE MATH AND SCIENCE
ACADEMY, ANTHONY T. KING, and
DOES 1-100,**

    **Defendants.**

---

## DECISION AND ORDER ON DEFENDANTS' MOTION TO DISMISS

---

Torva Henderson sues her former employer, Milwaukee Math and Science Academy and her former co-worker Anthony T. King, for sexual harassment/sex discrimination in violation of Title VII of the Civil Rights Act of 1964 and the Wisconsin Fair Employment Act ("WFEA"); for retaliation in violation of Title VII; for race discrimination in violation of Title VII, the WFEA, and 42 U.S.C. § 1981; and for negligent hiring, training, and supervision under Wisconsin law. The defendants removed this action from state court and now move to dismiss the complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. Henderson subsequently filed an untimely amended complaint. For the reasons stated below, Henderson's amended complaint is stricken, the defendants' motion to dismiss is granted and Henderson's complaint is dismissed without prejudice. Henderson will be given an opportunity to request leave to amend her complaint.

## BACKGROUND

Henderson, an African American woman, alleges that she was an Assistant Principal with Milwaukee Math and Science Academy from August 2016 until May 2019. (Compl. ¶¶ 7, 24, Docket # 1.) During her tenure with Milwaukee Math and Science Academy, Henderson alleges that she was the subject of constant rumors by staff of inappropriate sexual activity with co-workers as well as unwanted sexual advances from her co-worker, defendant King. (*Id.* ¶¶ 8–13.) Henderson alleges that she reported King's actions to the principal, who told her to work things out with King herself. (*Id.* ¶¶ 13–15.) Henderson alleges that in November 2018, she was removed from several of her responsibilities and they were assigned to King, allegedly in retaliation for reporting King's alleged harassment. (*Id.* ¶ 27.) Henderson alleges that she was told in May 2019 that due to budget constraints, the school would not be renewing her contract for the 2019-2020 school year. (*Id.* ¶ 24.)

## APPLICABLE RULES

Under the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A short and plain statement "'gives[s] the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41 (1957)). In order to survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).

## ANALYSIS

In response to the defendants' motion to dismiss for failure to state a claim, Henderson agrees and acknowledges that several of her causes of action should be dismissed. (Pl.'s Resp. Br. at 3, Docket # 8.) She further seems to acknowledge that other of her causes of action are factually deficient and argues that she should be allowed to amend her complaint to plead additional facts. (*Id.* at 3–11.) Fed. R. Civ. P. 15(a)(1)(B) allows a party to amend its pleading once, as a matter of course, within twenty-one days after service of a motion filed under Rule 12(b). The purpose of this rule it to allow a party to correct any deficiencies within the pleading without the need for court action. This is the course of action Henderson should have taken. Instead, Henderson filed an amended complaint six weeks after the motion to dismiss was filed. (Docket # 15.) This is improper. Pursuant to Rule 15(a)(2), after the twenty-one days has passed, the plaintiff can only amend her pleading with the opposing party's written consent or with the court's leave. Henderson has obtained neither.

Thus, to put this case on a proper procedural course, I will strike Henderson's amended complaint and grant the defendant's motion to dismiss and dismiss Henderson's complaint without prejudice. Henderson must either obtain written consent from the defendants to amend her complaint or seek leave of the court to do so.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the defendants' motion to dismiss (Docket # 4) is **GRANTED**. The complaint is dismissed without prejudice.

**IT IS FURTHER ORDERED** that Henderson's amended complaint (Docket # 15) is stricken. Henderson must either obtain written consent from the defendants to amend her

complaint or seek leave of the court to do so within **fourteen (14) days** of the date of this order.

Dated at Milwaukee, Wisconsin this 17th day of April, 2020.

BY THE COURT

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge